Oh, Al, I have the same issue. Judge Bea does not, but I do. So, yes, go for it. Good morning. Please state your name for the record. Yes, I'm Michael Severo, and I represent Mr. Munoz, the appellant in this case. All right, thank you. Thank you. I probably want about three minutes at the back end of this, if I could. All right, we'll try. Mr. Munoz was presented with a plea agreement in the district court, and he rejected it. He rejected it because he did not feel he had been involved or was guilty of a drug conspiracy, particularly. Instead, he was thrown into a procedure where essentially his wishes were circumvented by a, what we call an open plea or a plea without an agreement, and a sentencing hearing, if you want to call it that, that took the place of a trial. Well, let's just say, like, start here. You agree that when, as here, the issue of a Rule 11 error is raised for the first time on appeal, that we review for plain error. Do you agree with that? Absolutely. Okay. So, here, it appears that before the district court, Mr. Munoz indicated that he understood the charges against him and voluntarily pled guilty. I believe he had counsel. So, how specifically do you contend that the district court committed plain error in accepting Mr. Munoz's plea? Well, first of all, the Rule 11 errors are many, as I laid out in our briefing. The nature of the charges were not adequately explained. As I explained in the briefs, the court did not give Mr. Munoz proper advisement on what the elements of a conspiracy to distribute drugs would be. What element was missing? Specific intent. As specific intent, Coyasso, this court specifically said in Coyasso, which is a very recent 2020 case, that a conspiracy to distribute drugs has two elements, the involvement and a specific intent to distribute or manufacture. Mr. Severo, do you think that there is specific intent when a person enters into an agreement? Not necessarily. If there's an agreement to distribute drugs, right? Yes. There's specific intent to distribute drugs, isn't there? Well, it's an agreement to distribute drugs, yes, that's true. The problem is that Mr. Munoz had specifically said he was not involved. I think this is very important. This is Judge Schroeder. Can you hear me? A little louder, Judge Schroeder, I think. I'm sorry. I don't have a great voice, which is why I'm appearing remotely. But I thought that he said that he never possessed, sold, or participated in the sale. Correct. That means he wasn't on the ground floor doing it, as I read it. It doesn't have anything to do with whether or not he participated, whether he made an agreement that this be done. What am I missing? The specific intent to possess or distribute or manufacture, he specifically- But he wasn't charged with possessing or manufacturing. He was not. He was charged with conspiracy to distribute. Yeah. Okay, so that doesn't mean he has to do everything. He can still be involved in the conspiracy. And there was a factual basis that was stated. There is no factual basis. That's part of the other problem. Was there a factual basis stated at the Rule 11? No. This is one of our contentions, that what the court did- Were you his counsel there? I was not. The plea colloquy and the record clearly discloses that what was done was there was a reading of the indictment to him of the charge. That's not a factual basis. That's clearly in the indicted circuit precedent. In a complex case like this, reading the indictment is insufficient. You have to ask the individual or at least have the government tell you and the individual agree as to what was his conduct. What did his potted plant lawyer do at that time since there wasn't an objection and an agreement had been reached? So no one objected. No one objected. And, of course, I've raised that in my briefing as well, that he received ineffective assistance because there were no objections anywhere. Not at the sentencing hearing. And it's my belief that the whole thing was, well, maybe this judge will be kind to you and let's do an open plea. Because, frankly, having rejected a plea agreement- So what was his exposure? What was his exposure? A lot, right? Safely to say, a real lot? Well, I mean, life is his exposure, right? Life is his exposure because of the conviction on the drug count. But the Rule 11 was essentially went out the window. No advisement as to the right to jury trial. No advisement as to the right to cross-examine. No advisement as to the nature of the charges. None of those were properly done. And if we're going to talk about substantial or fundamental rights having been affected, since we're talking about plain error, Your Honor, the substantial rights that were affected are clearly the fact that he rejected a plea agreement on the same basis that he did here. But he pled guilty to both drug distribution and money laundering, correct? Correct. The error then carried over to sentencing because when it came down to sentencing him, the four-level adjustment for conspiracy for a role enhancement in the conspiracy runs directly contrary to application note 2C of the guidelines, which says that, and this is what happened here. Well, the government sought a 40-year sentence. The probation recommended a 30-year sentence, and he got 26 years, correct? Yes, 26 years. So why is that substantially unreasonable? Because he's not guilty of the... Well, that's why you have a trial if you're not guilty. Exactly. That's why he should have had a trial. Well... That's what we're saying. But then you don't plead guilty and say you understand the charges against you and voluntarily plead guilty. When you are being advised poorly, yes, you do. Do you want to save any? You only have a minute and a half left. Do you want to save that and counter what the government says? Thank you. Thank you. Good morning. Good morning, Your Honors. May it please the Court, Russ Smoot for the United States. The bottom line, Your Honors, is that I think the best way to look at a Rule 11 plea colloquy is that it's a conversation with the Court. Okay, so why didn't the unaccepted plea deal and Mr. Munoz's less-than-clear factual statement alert the District Court to a need for a more specific inquiry and to Mr. Munoz's appreciation of the factual basis for his guilty plea and its consequences? I mean, that wasn't a perfect Rule 11. I don't think there's anything that says you have to get a perfect Rule 11 or a perfect trial, but we have to be satisfied that there wasn't plain error here. Correct. Correct. And the way I would answer that, Your Honor, is that when the defendant was presented with a factual recitation of the plea agreement that he rejected. Now, the counsel specifically indicated that they rejected those specific facts and they had disagreement. When the plea colloquy started after the Court had given preliminary, had preliminary conversation with the defendant to get the feel of the plea, then, actually not after. Right when it started, the discussion was on the plea statement or the fact statement that the defendant presented. And the fact statement that was presented reflected the fact that the defendant was pleading guilty and understood that it was the basis of the conspiracy to distribute, was the basis of the criminal activity behind his substantive money laundering charges. During the conversation between the Court and counsel, there was considerable discussion about the fact that the facts would be augmented later on at sentencing. This is all before the plea occurred. After the plea, the colloquy actually started, the Court then went through the Rule 11 procedures. And this is where we fundamentally disagree with the appellant's perspective on this. Skipping from the advice of trial rights, then the Court advised them what the charges were. The Court indicated that you've been charged with conspiracy. It indicated the elements of conspiracy. It indicated that the United States would have to prove the elements beyond reasonable doubt. And then it also talked about the money laundering charges as well with the same recitation. After it did that, it talked about, it also included the factual statement is where we fundamentally disagree. Counsel, for the appellant, when I said for a factual statement, he said there was nothing. Your Honor, I would disagree. I would say at first that the plea colloquy would be read as a whole. And during that plea colloquy, the District Court did more than just say, you've been charged with conspiracy, conspiracy is an agreement with other people, and you intended to follow it through, and then here's the drug amount. It also indicated, and this is laid out in the brief in Table 3, but it indicated the Court went through factual statements that are above and beyond what necessarily would be in a bare bones indictment. The Court asked if it was also involved three other people in the conspiracy. The Court said that the defendant belonged or joined these other people during a specific time period, at least from December 2017 to February 2018. It asked the defendant if he became a member knowing that the object was the distribution of controlled substances as listed in the amounts. And every single time the Court asked the defendant this question, the defendant answered yes. The Court had asked the defendant prior to the plea agreement when it started, or the plea hearing when it started, to say that if any time the defendant doesn't understand something or the Court says something that is correct, please let me know. And at least based on my count of the record, at least I think 17 times the Court asked the defendant if this was correct, and 17 more times the Court asked the defendant if it was stating something correctly. So the basis that the Court had during this conversation, during this colloquy with the defendant, was it does not appear on the cold record, the written record, to raise any concerns that the defendant did not understand what the Court was saying and what the Court was talking about. And ultimately, the entry of the plea came at the end of all of that. So where was the entry of the plea relative to when the trial was set for? Your Honor, I can't answer that. I noted when the defendant was arraigned and arrested, he was arrested in February of 2018. The change of plea occurred in August of 2019. So because, and I can only say I didn't get that date of when the trial was set, but I would indicate that this type of case, in my experience, of course this is outside the record, that a year and a half would be approximate type of time for a case like this to be brought. So trial would have been set, continued, set, continued, and the case most likely declared complex with multiple defendants. So he's saying, I don't know, what is he saying? He didn't know that he had a right to a trial? Again, the United States disagrees with that. The appellant is saying that he was not advised that he got a right to trial, but I would indicate that the record from the government's perspective is, I would say, albeit as the court said, it may not have been a perfect colloquy, I would say it was crystal clear in terms of the trial rights, and that's in volume two of the excerpt of record, pages 294 to 295, in which the court very explicitly said, explained that the defendant would be given up his right to trial, that he would have the right to call witnesses, that he was giving up the right to, excuse me, if he didn't testify at trial, then that couldn't be used against him to the jury. All of the rights associated with trial, the court indicated, and I quote, the defendant would be giving up those rights. So again, I mean, we can't go back and necessarily change the record. Obviously, both parties have a different view on it. I would indicate that the record is very clear that the defendant was advised of those trial rights, and not to mention the fact that. Well, I mean, I guess, you know, I probably would have been taking a plea if anyone gives me any trouble, I'd just say, hey, have your trial and face your life sentence, good luck, you know. And then the person would probably say, oh, no, no, no, no, Your Honor, I really didn't, I didn't really mean that. Well, I don't want to take your plea if you really don't, you know, if you really think this is a, you know, if you don't really understand this, don't waste my time. We've got a jury sitting right out there waiting for you. I agree, Your Honor, and that has occurred, but it didn't occur in this case, and I would suggest that's because of the context of the conversation. The district court judge felt that the defendant was doing what he intended, what he expressed his intentions. So the district court imposed an upward adjustment based on the determination that Mr. Munoz had control and authority over at least five participants, and so what standard of review do we use in reviewing his challenge to this determination? Was the government required to specifically identify five participants, and what evidence of participants did the government proffer? Your Honor, in this case, the defendant did object to this application, so I don't think it would be necessarily a plain error review. I think the facts would be reviewed for clear error, and the interpretation of the guideline and application would be a matter of law that would be reviewed by the court. So what about these five participants? Were they identified anywhere? The court specifically indicated, first off, there were five people total. It reminds me back when I was a young lawyer that a judge told me when I used the word indicated or something, he said either people testified or they stated. They don't indicate. So judges don't think they indicate. So what did the judge state? The judge stated during his colloquy, he named at least four other people during the colloquy that were involved in the case, that being Jimenez, being the defendant's spouse, as well as another female that was indicated, and the defendant. You love that word indicated. I'm going to be stuck on it, Your Honor, and, of course. Just remember, next time you see me, don't use it. Agreed, Your Honor. And just to finish answering the question, the court also found that there were other people involved based on the sum total of everything that was presented at sentencing, including different text messages, different conversations, the fact that the case involved a money broker that was working for the cartel boss. In short, the district court found that there were more than five people. But I would submit that for that four-level enhancement, it could be either an organizer or leader of five persons or is otherwise extensive. And the court stated clearly in sentencing that the scope and the size of the drug traffic conspiracy was extraordinary, almost beyond belief, and there was absolutely no question that the defendant directed it. All right. I think we've taken you over time, but I want to make sure my colleagues don't have any additional questions. Questions. Apparently, no. So you're a minute over, so I will give you two minutes for rebuttal. So that's adding a little extra there. And I thank you, Your Honor. Mr. Severo, you said that there was no showing that the defendant had a specific intent to distribute the drugs. I'm bothered by the page 281 of the transcript. The court says, and you knew, and talking to your client, and you knew that the transaction on each of those dates in each of those counts was designed in whole or in part to disguise the nature, location, source, ownership, or control of the proceeds with the intent to promote the specified unlawful activity, which is the conspiracy to distribute the drugs indicated. And your client, is that correct, defendant? Yes. That's money laundering. That's the money laundering instruction. And the problem with that is, and I've pointed this out, that he was not charged with that section of the money laundering statute. He was charged with disguising the nature of the proceeds, not with promoting. It's concealment money laundering, not promoting promotional money laundering. This is how confused he was. This is why the nature of the charges was so mixed up, is that he is being told that he was involved in money laundering to promote an illegal activity when, in fact, he's not charged with that. He is charged with disguising the nature of the proceeds, not with promoting money laundering. Do I make that clear? There are two parts of money laundering, concealment and promotional. The problem is that, and what that points out, Your Honor, is he was just going along with yes, go ahead and say yes. He's just going along with yes because he's not charged with promotional money laundering at all. And he's saying yes to that. That's how bad this Rule 11 was. This wasn't just not a perfect Rule 11. This was an atrocious Rule 11, a Rule 11 that doesn't have a specific waiver of rights, a Rule 11 that doesn't show, doesn't advise him of the right to cross-examine witnesses, a Rule 11 that doesn't properly lay out the nature of the charges, a Rule 11 that only says that anyone force you to enter into disagreement, and that's insufficient. Promises forcing others or promises to others to coerce him to plead are also involved. He was never advised of any of this. I want to point out something Judge Schroeder noted, and that is that there is a second sentence to Mr. Munoz during the course of the conspiracy, never possessed, sold, or participated in the sale of illegal drugs. This is at page 320 of the record. This is the defendant's quote-unquote factual statement. The second sentence says he never discussed the nature or sale of any drugs with any other member of this conspiracy. This really throws the whole conspiracy charge up in the air, and the judge missed it, missed it when he didn't get a factual basis, a true factual basis as to what his conduct was. Had he done so, had the judge done so, he would have seen the defendant would have immediately denied having been involved in any of the aspects of distribution. The judge didn't advise your client that he had the right to question witnesses at trial? He says you have a right to ask questions of witnesses. That's different than cross-examining, Judge. I mean, we don't go around. Either we abide by Rule 11 or we don't. Okay. You're already two and a half minutes over the extra overtime, so unless my colleagues have any questions, I'm going to call time out. So I think we've completed oral argument. Thank you both for your argument here today. This matter will stand submitted.
judges: SCHROEDER, CALLAHAN, BEA